# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KMCC ENTERPRISES, LLC et al., | § § | |
| v. | § § | Civil Action No. 4:18-CV-532 |
| | § | Judge Mazzant |
| SAVVY CHIC MANGEMENT, INC., et al. | § § | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand (Dkt. #12) and Defendant Sculpt Pod, Inc.'s ("Sculpt Pod") Alternative Motion for Leave to Amend the Notice of Removal (Dkt. #13).[1] After carefully considering all relevant filings, Plaintiffs' motion to remand will be granted in part and denied in part, and Sculpt Pod's alternative motion for leave to amend will be denied.

## INTRODUCTION

Plaintiffs filed suit against Defendants Jessica Chandler, Savvy Chic Management, Inc., ("Savvy Chic") and Sculpt Pod in the 393rd District Court of Texas for violations of the Texas Business Opportunities Act ("TBOA"), among other state law causes of actions.[2] Plaintiffs allege that, as part of a conspiracy between all three Defendants, Savvy Chic and Chandler made false and material misrepresentations to induce them into purchasing a non-surgical weight loss franchise from Savvy Chic (Dkt. #9). Defendants subsequently removed the action, contending that the Court may exercise federal question jurisdiction over this case because Plaintiffs' claim

---

[1] It is not immediately apparent whether Sculpt Pod intended to file an alternative motion for leave to amend or not. Sculpt Pod states in its response that, "[i]f Defendant's notice of removal was deficient or imperfectly pleaded with respect to jurisdiction, Defendant *would* motion the Court for leave to amend the Notice of Removal pursuant to 28 U.S.C. § 1653" (Dkt. #13 at p. 5) (emphasis added). Out of an abundance of caution, the Court construes this statement as a motion.
[2] Technically, Plaintiffs only assert a conspiracy claim against Sculpt Pod, albeit based on allegations that Sculpt Pot conspired with the other Defendants to effectuate BOA violations, among other wrongful acts (Dkt. #9 at p. 20).

for TBOA violations requires the interpretation of various federal statutes and regulations and, therefore, arise under federal law (Dkt. #1 at p. 2). Plaintiffs disagree and, on this basis, filed a motion to remand the case in which they also seek attorney's fees and costs. Sculpt Pod, on the other hand, maintains that jurisdiction is properly asserted.[3]

## LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). "In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction." *Humphrey v. Tex. Gas Serv.*, No. 1:14-CV-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014) (citations omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "When considering a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Humphrey*, 2014 WL 12687831, at *2 (quoting *Manguno*, 276 F.3d at 723).

---

[3] The other Defendants did not file a response to Plaintiffs' motion to remand.

**ANALYSIS**

Defendants assert that federal question jurisdiction exists over this case.[4] Courts can exercise federal question jurisdiction when "a federal question appears on the face of the plaintiff's well-pleaded complaint." *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). Although federal question jurisdiction typically exists because the plaintiff pleads "a cause of action created by federal law," it may also exist where the plaintiff's "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *See Grable & Sons Metal Prods v. Darue Eng'g Mfg.*, 545 U.S. 308, 312-14 (2005).

The parties dispute whether Plaintiffs' claim for violations of the TBOA arises under federal law, which appears to be a matter of first impression. The TBOA generally prohibits sellers from using various misleading and deceptive acts to deceive a "purchaser," *see generally* Tex. Bus. & Com. Code Ann. § 51.301, defined as "a person who becomes or is solicited to become obligated under a *business opportunity*," *id.* § 51.002 (emphasis added). Sculpt Pod argues that, although the TBOA is a state statute, Plaintiffs' claim for TBOA violations requires substantial consideration of federal law. This is purportedly because, although the TBOA initially states that a "business opportunity" as "a sale or lease for an initial consideration of more than $500 of products, equipment, supplies or services" under various circumstances, *see id.* 51.003(a), it later explains that a "business opportunity" would not include "an arrangement defined as a franchise by 16 C.F.R. Part 436 and its subsequent amendments if . . . the franchisor complies in all material respects in this state with 16 C.F.R. Part 436 and each order or other action of the Federal Trade

---

[4] The parties have not argued, nor does the Court have reason to believe, that diversity jurisdiction exists. To the contrary, Plaintiffs' First Amended Complaint suggests that all parties are Texas citizens (Dkt. #9 at pp. 1-2).

Commission," among other requirements (the "Business Opportunity Carveout"), *see id.* 51.003(b)(8). Sculpt Pod suggests that, because the Court will have to interpret federal regulations to determine whether the Business Opportunity Careveout applies to Savvy Chic, purportedly a franchisor, the Court will have to interpretation federal regulations to resolve Plaintiffs' TBOA claim.

While that may be so, Sculpt Pod's argument is still unavailing. The Fifth Circuit has explained that a federal question does not appear "on the face of the plaintiff's well-pleaded complaint," *Elam*, 635 F.3d at 803, where that question arises only because the defendant may invoke an affirmative defense in its answer, *see Poche v. Texas Air Corps, Inc.*, 549 F.3d 999, 1004 (5th Cir. 2008) ("'It is insufficient that a federal question has been raised as a matter of defense or counterclaim.'") (quoting *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998)). And whether Defendants are exempt from liability under the Business Opportunity Carveout is an affirmative defense, *see United States v. Beason*, 690 F.2d 439, 445 (5th Cir. 1982) ("Exceptions to statutory definitions are generally matters for affirmative defenses, especially where the elements constituting the offense may be defined accurately without any reference to the exceptions"), which is especially apparent since the TBOA places the burden of proving this exemption on Defendants, Tex. Bus. & Com. Code Ann. § 51.005 ("A person who claims to be exempt from this chapter has the burden of proving the exemption."). *See Wardlaw v. Inland Container Corp.*, 76 F.3d 1372, 1378 (5th Cir. 1996) (explaining that defendants carry the burden of proof on an affirmative defense). A federal question does not appear on the face of Plaintiffs' Amended Complaint as a result.

The Court would be reluctant to exercise federal question jurisdiction over this case even if the TBOA exemption in question were an element of Plaintiff's TBOA claim, and not an

4

affirmative defense. Again, the Court may only exercise federal jurisdiction based on a state law claim that "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *See Grable & Sons*, 545 U.S. at 312-14. In this case, if the Court were to exercise federal question jurisdiction, it would resolve federal issues that appear insubstantial—while also disturbing the congressionally approved balance of federal and state judicial responsibilities. As one court explained in finding that it lacked jurisdiction in a somewhat similar case, Part 436 "may only be enforced by the FTC, and does not create a private cause of action." *See Palermo Gelato, LLC v. Pino Gelato, Inc.*, No. 2:12-cv-00931, 2013 WL 285547, at *2 (W.D. Pa. Jan. 24, 2013) (citing *Sandoz Farm v. Corp. v. Richardson-Vicks, Inc.*, 902 F.2d 222, 231 (3rd Cir. 1990); *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 987 (D.C. Cir. 1973)). This suggests that Congress did not find the interpretation of these regulations to be especially substantial, and that state courts are better-suited to adjudicate any state law claims that require consideration of these issues. *See Grable & Sons*, 545 U.S. at 318 ("[T]he absence of a federal private cause of action affected *Merrell Dow's* result in two ways. The Court saw the fact as worth some consideration in the assessment of substantiality. But its primary importance emerged when the Court treated the combination of no federal cause of action and no preemption of state remedies for misbranding as an important clue to Congress's conception of the scope of jurisdiction be exercised under § 1331.") (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810-14 (1986)). After all,

> Franchised businesses are nearly ubiquitous in this state and around the country . . . If in cases such as this, the mere presence of an FTC regulation that might apply to the parties' [claims] could warrant the grant of federal jurisdiction, the risk of a marked shift in the currents of litigation would be real. As noted above, Congress's unwillingness to create a federal cause of action . . . is indicative of its view of the proper balance of state versus federal adjudication of franchise-related contract

5

> disputes. The potential for disrupting the state-federal balance of the adjudication of contract disputes, considered alongside the oblique relationship of FTC regulations to the . . . claims here, demonstrates that this case does not implicate a "substantial" federal law element of a state law claim.

*Palermo Gelato*, 2013 WL 285547, at *8. For these reasons, the Court concludes that it lacks subject matter jurisdiction over this case, making Defendants' alternative motion for leave to amend the notice of Notice of Removal futile. *See Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir. 1985) (explaining that "'Section 1653 allows 'amendment only of defective *allegations* of jurisdiction; it does not provide a remedy for defective jurisdiction itself.'") (quoting *Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assur. Co.*, 700 F.2d 889, 893 (2nd Cir. 1983)) (emphasis in original).

The only remaining question, then, is whether Plaintiffs are entitled to the attorneys' fees and costs. The removal statute provides that, on an order "remanding the case," federal courts "*may require* payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). Interpreting this language, the Fifth Circuit has concluded that attorney's fees are not automatically awarded simply because removal was improper. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290 , 292 (5th Cir. 2000). Instead, when acting on their discretion to make this determination, district courts must "consider objectively the merits of the defendant's case at the time of removal," irrespective of the removing party's "motive in removing the case to district court."[5] *See id*. In this case, it was objectively reasonable for Defendants to conclude that Plaintiffs' claims for TBOA violations arose under federal law, particularly in light of the limited authority as to whether jurisdiction was proper under these circumstances. *See First Transit, Inc. v. Texoma Area Paratransit System, Inc.*, No. 4:16-

---

[5] The Court therefore has not taken into account Plaintiffs' insinuation that Defendants removed the case to delay responding to discovery requests (Dkt. #12 at p. 2).

cv-206, 2016 WL 10932847, at *7 (E.D. Tex. June 7, 2016) (denying attorney's fees and costs where "TAPS presented novel arguments that were objectively reasonable given the unusual circumstances of the case"). An award for attorney's fees and costs is unwarranted as a result.

## CONCLUSION

Accordingly, Plaintiffs' Motion to Remand (Dkt. #12) is **GRANTED IN PART** and **DENIED IN PART**, and Defendants' Alternative Motion for Leave to Amend the Notice of Removal (Dkt. #13) is **DENIED**. The Clerk is hereby **DIRECTED** to take all necessary steps to remand this case to the 393rd District Court of Texas for further proceedings.

**SIGNED this 25th day of October, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE